Cía. Ron Carioca Destilería, Inc., Plaintiff and Appellant, v. Lee D. Miller, Defendant and Appellee.

No. 8870.   Argued May 2, 1944.—Decided July 26, 1944.

*James R. Beverley, R. Castro Fernández,* and *José López Baralt* for appellant.   *Otero Suro & Otero Suro* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiff-appellant corporation, claiming to be the owner of 32 cartons and 3 wooden boxes containing extracts

for the preparation of liquors worth $1,000 which it alleged were being wrongfully detained by the defendant and deposited at his disposal and under his control with the firm Sobrinos de Izquierdo, Inc., of San Juan, prayed for a judgment ordering the defendant to deliver said cartons and boxes and adjudging him to pay the costs and attorney's fees. At the request of the plaintiff, who furnished a bond for $2,000, the Marshal of the District Court of San Juan seized the property in controversy and deposited it with Mr. Jack Feldstein.

The defendant specifically denied the essential facts of the complaint, and on the contrary alleged that the property in question, valued at $4,500, belongs and has always belonged to him exclusively, it having been manufactured in his factory "Compañía Productos de Frutas Tropicales," which is engaged in the manufacture of extracts and flavors for the elaboration of liquors and other products; that on November 30, 1940, the defendant executed a contract for a period of two years, binding himself to sell extracts and flavors to the plaintiff, but that he never sold or conveyed to said plaintiff the property which is the subject-matter of this suit, and always retained ownership thereof; and, finally, that the complaint did not state facts sufficient to constitute a cause of action.

On May 20, 1943, the lower court rendered judgment as follows:

"Since the plaintiff has stated that it has no evidence to support the allegations set forth in its complaint as they appear therein, after the amendment sought at this stage of the case was denied, the court renders judgment dismissing the complaint, with costs, etc."

The plaintiff has appealed and alleges that the lower court erred in denying leave to amend its complaint; in setting aside its previous admission in evidence of the contract entered into between the parties; and in ordering the plaintiff to pay attorney's fees.

██ The action instituted by the plaintiff in its original complaint is the one authorized by § 170 *et. seq.* of the Code of Civil Procedure for the delivery of personal property belonging to the plaintiff as owner thereof, when the possession thereof is wrongfully detained by the defendant. The facts, according to the allegations, constitute an action *ex delicto*. An action to recover property may undoubtedly have its origin in a contract, but the fact is that there is no allegation in the original complaint which tends to show the existence of contractual relations between the plaintiff and the defendant.

At the hearing of May 19, 1943, the plaintiff tried to prove without success that it was the owner entitled to the immediate delivery of the property in controversy. When the offer by the plaintiff to put in evidence the contract with the purpose of showing that its right to the possession of the property did not arise from its status as owner but from the terms and conditions of the contract entered into by itself and defendant Miller was rejected, the plaintiff asked leave of the court to amend its complaint in the sense "that we have a right to the possession of that property by virtue of said contract." The lower court did not err in denying leave to amend the complaint in the sense indicated. The amendment sought was not permissible because, according to the terms of the contract offered in evidence and according to the statements of plaintiff itself, the determination of plaintiff's right to the possession of the property would imply an examination of the books of both parties and the liquidation of the accounts between the parties. Bancroft's Code Pleading, vol. I, § 523, p. 755.

██ Nor did the lower court commit the second error assigned. The alleged contract was offered as evidence by the plaintiff in support of a motion seeking the appointment of an accountant to examine the accounts between the contracting parties, and not as evidence to support the aver-

**4**

ments of the complaint. The plaintiff insisted afterwards that the contract be admitted for all purposes, and alleged that if a liquidation of the accounts were made according to the terms of said contract, plaintiff's right to possession of the property in controversy would be evident.

The action brought by the plaintiff is an action of replevin, based on plaintiff's alleged right to immediate possession of the property wrongfully detained by the defendant. An action of replevin only lies when the plaintiff alleges and proves that at the time of filing his complaint he had a right to the possession claimed. *Cortés & Segura, Inc.* v. *Cortés,* 40 P.R.R. 525; 46 Am. Jur. 15; 54 C. J. 505. That the plaintiff herein was not entitled, at the time of filing its complaint, to recover the immediate possession of the property, was a fact admitted by its own attorney when at the hearing he stated the following:

"After having explained the theory of our case, we now move the court to have plaintiff's books examined by an Arbiter, a Master, in order to determine who has the right to possession of the property; whether or not Mr. Miller owes money to Carioca. If he owes money to Carioca, there can be no other conclusion than the one that, according to the contract entered into by the parties, plaintiff has the right to possession of said personal property. If Mr. Miller owes nothing to Carioca, then we admit that we have no right thereto. Such is our theory." (Tr. of Ev., pp. 2, 3.)

It can be readily seen that the determination of which of the two parties has a right to the immediate possession of the property depends on the liquidation of the accounts between the parties by virtue of the contract offered in evidence and rejected by the lower court. According to the terms of said contract, plaintiff's right to the possession of the property can only be exercised under Clause 6 which provides:

"If at the end of this contract there should exist a balance in favor of Carioca and against Miller, Carioca shall be entitled to

take possession of the factory, equipment, and supplies and recover from the proceeds of the sale thereof, after the expiration of ninety days.''

An action for specific performance of the contract, with a precautionary attachment of the property, would be sufficient to protect plaintiff's rights. The lower court did not abuse its discretion in refusing to grant leave to amend the complaint in the aforesaid manner. Neither did the lower court commit error in ordering plaintiff to pay the costs.

The judgment appealed from will be affirmed.